I'd like to reserve four minutes for rebuttal if that's acceptable to the Court. We're here today on Appellant's challenge to his conviction under 18 U.S.C. section 113A3, which criminalizes assault with a dangerous weapon, an assault done within a federal jurisdiction with a dangerous weapon with intent to do bodily harm and without just cause or excuse. As the brief suggests, Appellant is of the view that the without just cause or an excuse is actually an element of the offense to be disproven essentially by the government, to be addressed by the government, and obviously the government is of the view that this is an affirmative defense to be treated under the Dixon slash Halston analysis, and this is really the highlight or the highlight of the differences in the parties here. I'm assuming it's the burden of the government. Didn't the government, by having the testimony of the one guard who said he would have removed Mr. Taylor from the yard had he been aware of this situation, doesn't that knock out one element of the justification defense in any event, so the government satisfied the burden? Your Honor, I mean, that's certainly an argument that supplants the role of the jury as a fact finder. I mean, we don't know what the jury would have found if the case had been properly submitted to the jury. For all I know is the jury may have rejected that testimony as not having been proven beyond the reasonable doubt. The point is or the problem is that it was not submitted to the jury on the theory that this was an element to be proven. Interestingly, the government in its pleadings treated it, at least in its initial pleadings, treated it as an element to be proven because they pled without just cause or an excuse in the indictment. Unlike many of the cases upon which they rely now and say, well, this isn't an element to be proven, most of those cases or many of those cases are really pleadings cases where the language of just cause and excuse was not pled in the indictment and there was a challenge, albeit most of the time, passing. In stating the crime, they have to put the without just cause or excuse or they wouldn't have set forth the criminal requirement, would they? Well, as I understand... And then you get to the issue that it is an element, I guess. That's the point. It's an element of the offense by pleading it and they pled it that way. I'm not suggesting that they intentionally pled it, but it seems to me that going in it was treated as an element of the offense. How do we know they pled it as an element of the offense as opposed to just pleading it the way many other things are pleaded in an indictment? We don't, Your Honor, except that the indictment is very succinctly pled. It's not what I'll call a speaking indictment. In fact, I think it's at A62. It's one page. So it's equivocal. We don't really know. It's equivocal. So it doesn't really help us decide the case, does it? Well, no. I mean, it somewhat supports your position, but I'm not sure it helps us decide the case. No, I don't think it helps us decide the case, but what helps to decide the case is Congress and where Congress chose to put this specific language in a statute. As this Court has said, I think it's the Pendleton case that interpreting criminal statutes, we want to give plain and simple language and give definition to language in statutes. We don't want to render language in statutes meaningless for some reason. And I look around the room and I see eight, ten very smart law clerks. I suspect that when the Court goes back and reviews the record, again, you're not going to find, none of these smart people in the room are going to help the Court find any reference by Congress in the legislative history. I spent an inordinate amount of time looking for reference in legislative history and my friends on the other side of the table, I'm sure if they would have found something, it would be in here. So Congress... In that vein, could you explain why Congress would place a greater burden on the government when it's trying to prove assault with a dangerous weapon than when it's trying to prove under Section 1, assault with the intent to commit murder? Why would it place a greater burden on the assault with a dangerous weapon? I can't answer that question, Your Honor. I mean, I could sit and speculate. I could sit and say that for whatever reason, Congress decided that because the crime here is really causing bodily harm with a dangerous weapon... Ordinarily, it is an affirmative defense, isn't it? I'm sorry, sir? Ordinarily, this is an affirmative defense, isn't it? Justification, self-defense, acting under duress, and so forth. Ordinarily, in situations where the statute does not address this concept of just cause or excuse, it is an affirmative defense. And that is the Dixon, Alston... McKelvey, you lose all the way back to the 20s on that. Oh, yeah. Absolutely. So your brief, though, I think points out we've got a different scenario here. And the rule against surperfluity means that we have to give some... It has to do some work. This clause, without just cause or excuse, has to do some work. Otherwise, we're rendering it surperfluity. That's our argument, sir. All the circuits that have looked, I don't have to mention... I'll mention the 2nd, the 3rd, the 9th, and the 11th. All of them have suggested that this is a burden that is more appropriately placed on the defendant, because, after all, it's the defendant that has the information that would allow a court or a jury to assess the defense. I... How could the government, for example, prove that the defendant acted under coercion or duress? Well, it's not coercion or duress, sir, in this instance. No, no, not in this instance. But this isn't just... We're talking about justification. I think in the context of this statute... You're talking about just cause? Just cause would have to be self-defense in the context of an assault statute. I guess I could sit and conjure up a theory under which it would be, you know, maybe duress could be just cause, but I think... Or excuse. Or excuse. But... And I agree that the vast majority of courts that have touched this, with the exception of the 8th Circuit in the Bordeaux case, have suggested that this is an affirmative defense with the appropriate... with the burden to be placed on the defendant. But there's not one case that has said, this is the government's burden. Yes, Bordeaux has said that. Yeah, and very, very, not very analytically. It wasn't necessary to the ruling. And that's my response to Judge Fuentes. None of the other cases that suggest otherwise, suggest the contrary, were essential to the ruling. For example, the Gilbert case, which the District Court and the government rely on heavily. It's... I believe it's a 9th Circuit case. And in Gilbert, the court in passing makes reference to the fact that it's... I think it's an 11th Circuit case. I'm sorry. Makes reference to the fact that it's not an element of the offense. The issue in Gilbert was whether... There were two issues in Gilbert that the court decided, whether the defendant suffered from a mental deficiency and whether it was an assault as defined under the statute. How would the government go about proving this, just as a practical matter? Your Honor, just the way it did. I mean, or it attempted to. It attempted to address... The evidence addressed the issue of justification. The evidence could have addressed, as you said, Officer Rosinsky, I believe the name, went to what could have been an element. Or could have been something that should have been addressed by the court. I mean, it seems to me that if the government... The idea of the just cause or excuse really comes from the mouth of the defendant as to what was going on and what had been experienced and what the situation was and all of this, all the drama that we know the defendant talked about. Yeah. So how do you get that as the government? The same way the defense would have. Put the defendant on the stand? I'm sorry. No, it could have presented Dr. Boardman. I mean, the government anticipates defense theories all the time. The question is in this case, is it a defense theory that the government hasn't proven an element of the offense? Well, that's really all the government should have to do is anticipate a defense theory as compared to prove the lack of a justification defense, just as a practical matter. And aren't we talking about the difference here with Congress had said provided that as compared to without just cause? I mean, you are talking about language, but isn't it really... We're talking about an exception. The crime is the crime. And then without just cause or excuse is not really part of the actus reus. It's an afterthought. However, if the defendant doesn't have just cause or excuse, then he's not going to be found guilty of this. I beg to differ with the court's interpretation there. First of all, to the extent the court accepts the government's invitation to consider this a proviso by exception, one then has to look at the cases that establish proviso by exception. And provisos by exception are generally, for example, the McKelvey case talked about provided that this doesn't apply if the person acted in good faith. But looking at this, this is basically the same thing. In terms of without just cause or excuse is not part of what the defendant had to have done to commit the crime. It's an exception to the crime. The crime is defined by Congress. So if Congress chooses to define the crime, that it's okay. This is a crime. If it's done without just cause or excuse, that's up to Congress. So... But how do we know whether it's an element or not? Well, you can look at... Tuition? Again, you look at the structure of the statute. I mean, when Congress... Obviously, Congress had something in mind when it threw that language in there. We don't know exactly what it was because there's nothing in the legislative history. Or when it threw that language in there. And if it would have, for example, if it would have put it in the beginning of the statute or at the end or in a separate subsection, as it tends to do with affirmative defenses. For example, if you look at 18 U.S.C. section 666C, that is an affirmative defense to a theft of government funds case. If you look at... There's an affirmative defense in 18 U.S.C. section 1512. When Congress thinks of something as an affirmative defense, it clearly structures the statute as such. If the government doesn't have the information necessary, for example, to prove that the defendant acted under coercion or duress, it just doesn't... Basically, you would win your case. I mean, you're asking the government to prove a negative, aren't you? This did not happen. It could not have happened under duress. It could not have happened under coercion. It could not have been self-defense. The government took an appropriate step and asked for a pretrial proffer. It was made. The government could have then addressed that defense. No different than with other certain defenses where rules provide for disclosure of them, you know, insanity defenses, public authority defenses. I mean, those are situations where, hypothetically, a defendant raises a public authority defense. He's required to give a notice. The government then gets the opportunity to address  So I don't think it's impossible for the government to have addressed these matters. You know, it may be difficult, but again, we're here because Congress put some language in the statute that if the court accepts the government's view, then the court is essentially writing that language out of the statute. It sounds, though, that it's as if all assaults with a deadly weapon are just assaults. They're okay. Unless the government comes forward and proves the opposite. Isn't that a fair reading based on your argument? I think that is a fair reading of the statute. But that's absurd, isn't it? I don't mean to be a wise guy, but then we have to address that with Congress. Right. But that's what Congress seems to have intended through the language of the statute. Doesn't Dixon hurt you? Yes. Dixon hurts. I... That may be the most honest thing I've heard in the last two years, four years. But the Supreme Court is not Congress, is your answer. Well, no, but I mean, Dixon doesn't hurt on the issue of whether this is an element of the offense. No, I know. I mean, Dixon deals very much with... I mean, Dixon cites Cook as to that language as to what constitutes an exception by proviso and so forth and so on. But, I mean, Dixon... I mean, we all know what Dixon involved. It involved a duress defense to 922G, I think, if I'm not mistaken. And that clearly was an affirmative defense in that setting. All right, we'll hear from you on rebuttal. Mr. Walker? Good morning, Your Honor. My name's Virgil Walker, and I represent the United States. Your Honor... Justification is an affirmative defense. And here, the government charged violation of 18 U.S.C. 113A, which lays out those three elements. And as the Court correctly pointed out, that, first of all, in Cook, for example, it doesn't matter where the language is, where those elements come in, it doesn't matter that just cause or excuse falls at the beginning of that phrase or toward the end of the statute. It doesn't matter. But it's probably in the statute as a description of the crime. So that the crime, as to be proven by the government, includes the without just cause or excuse part. And it's very tough to figure out whether it's an element or not. It appears to be. Congress appeared to say, in order to have this crime, you've got to show blah, blah, blah and without just cause or excuse. How do we get around that? Judge, common law really controls here. And that Congress has given us just cause or excuse is not an element. It is a justification offense. It's been around for centuries. And I think it's on a practical aspect, if you look at it, if the government had to prove just cause or excuse, or the lack of, how on earth could that meet that burden? Do you have other examples of statutes by Congress where they include the defense in the description of the offense? Where they include a defense like justification in the description of an offense? And if you don't, it's okay, because we couldn't find them either. I cannot think of any, Your Honor. I can't, no. In the common law argument, it's a good one if it's not mentioned. The common law argument is a default. The Supreme Court has said so on multiple occasions, but how do we get around the fact that the language is in the statute? Because, Your Honor, Congress has made it easier for us. They have placed it here. They have a funny way of making it easier. No, but my point is, Your Honor, like, for example, in Dixon, it was not mentioned at all. There was no affirmative defense mentioned at all in Dixon in the court. And that would be so much better. And that's the way with all these other assaults. It's not mentioned. So the justification defense as an affirmative defense, it's a no-brainer. But the court had to go through this long analysis to come to the point that because the arrest in that case did not negate an element that it's an affirmative defense and therefore the defendant bore the burden of carrying it. Well, Congress doesn't usually do something for nothing, does it? I mean, it put words in a statute to have some significance or some meaning. Correct. We can't say it doesn't have any... It's got to mean something. It's not superfluous, exactly, but... And if they didn't put that phrase in, there would be, notwithstanding, a justification affirmative defense to that crime in common law. They did not put... But the fact that they put it in the description of the crime itself, what were they... Surely they had to be saying that it's not just a common law affirmative defense. When was this statute enacted? Is this an old provision? Well, maybe that's not... Maybe that's neither here nor there. Anyway, would it not have existed as an affirmative defense if it weren't mentioned at all? Had it not been mentioned at all, we would have gone back to common law. Exactly. Because common law says that... That's Dixon. That's right. So the fact that they did mention it must have some significance. The significance is because you don't have to go through the analysis that you had to go through in Dixon. They've put it out there for you because, Judge, it's such an accepted defense. It's been around for centuries. It's just like the rest. It's just another affirmative defense. That's right. So the court wouldn't have to go through this hurdle. They put it out for you. No legislative history to tell us that that's why they put it in. We can expect a new trend of criminal statutes from Congress where they're going to put it in so we don't have to resort to the common law. What the Supreme Court has said is that in all circumstances of justification... The Supreme Court assumes that the district court knows that as far as justification that it's a burden on the defendant to prove it. So if you look at the language they say that in future, I guess, statutes that it's imperative that common law rules relating to affirmative defenses, which is the burden of proving an affirmative defense. Indeed, in all circumstances of justification, excuse or alleviation rests on the defendant. That was in the Dixon case, which is a 2006 case. That exists without having these words in the statute, which lends credence to Mr. Cedrone's point that it's there. Congress put it there and it must be an element of the offense. But they didn't put it there saying it's an affirmative defense either, Your Honor. What they did, they just put it as, I guess, if the defendant is able to prove just cause of defense, then it's the defense to the underlying charge of, in this case, assault with a dangerous weapon. For example, the defendant used the Bordeaux case as an example in his brief and he argued today that it was listed as an element. I say it was not listed as an element. In fact, that case had nothing to do with this fourth element that he claims acted without just cause and excuse. It had nothing to do with that at all. That case focused on whether or not the defendant intended to commit bodily harm. And what I believe is that the court, in just reading the statute, included that as an element. But if you notice that case, this Eighth Circuit case, they never said the government had the burden of proving that element. In fact, another case in that district, Heron, did not mention, it's an Eighth Circuit case, when they outlined the elements of 113A3, they did not mention that. So even in that district, it shows an inconsistency. But what we do have are six other jurisdictions who have clearly come down that just cause and excuse is an affirmative defense. And I believe this court should follow the lead there. Well, that's your best argument, is that other courts have so held. Is there any further questions, Your Honor? Thank you. Judge Fuentes just points out to me that the statute was passed in 1909. Pardon? It's been around for a century. And maybe Congress wasn't quite as specific then as they are now. My God, they're not very specific now. How do you proceed with this then? Are you suggesting that the defendant go forward and go ahead and prove as in this case, self-defense? He would have to. When the government arrests, if that is defense, he has to take the stand. In this case, he had to take the stand. The overwhelming evidence was his client was stabbing a guy with a razor, required over 52 stitches with the guy handcuffed behind his back. What about the prospect of having the defendant establish some sort of threshold or prima facie case of self-defense and then the government having to disprove it as one or two other circuits have stated? Are you saying... A threshold, a prima facie case of self-defense or duress or coercion or some justification and then the government would have to disprove it? I think it would be treated like it's been treated for centuries. If the government carries this burden and at the conclusion of the government's case, if the defendant does not put forth the evidence of just cause and excuse, then he would be convicted on those... That doesn't run counter to the idea of the right to remain silent? Absolutely. He can remain silent. It is his burden. It is not ours. We've carried ours once we've proven our elements. And it's... It's an insurmountable mountain of... We just don't have the facts to be able to support, to be able to prove just cause and offense. Let's suppose we go through 300 reasons why we think he would use as a just cause or excuse and at the conclusion of it he says, well, you didn't select the one that I would have used. The other thing is your inability to call him as a witness in your proving lack of just cause or excuse because there's no way you could meet the burden of showing what was in his head at the time because you can't put him on the stand so it creates a legal impracticality or impossibility. I mean, there would be other things you could show such as the guard would remove him but you wouldn't have the ability to really prove that aspect, that element, if you will. And Your Honor, it clearly says as far as the doctrine that where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving that issue. And clearly the defendant would be in the best position because he would have those facts there to prove that issue. It wouldn't be the government. But he can't prove it through others, too. Couldn't he? Other people who were present, for example, the people who were in the prison, as in this case, and witnessed, served as fact witnesses? Your Honor, what he attempted to do was try to call witnesses who were not present at all before the attack. It's interesting that he did not call anyone who was present inside the cell with him during the attack as witnesses. They were all individuals who may have heard comments, therefore, but none of the witnesses that he listed to call were in the cell where the attack occurred. Thank you, Your Honor. Thank you, Mr. Walker. Mr. Cedrone, reserve rebuttal time. Just briefly. How about his right to remain silent? I mean, the government couldn't call him to try to find out what just cause or excuse he felt he had. Well, Your Honor, in the defense I mean, let me play this out in the context of a trial. Government puts its burden on. Let's assume that the government doesn't even anticipate that the defendant is raising a just cause or justification. Well, no, no, no. Under your theory, they don't have to anticipate it. They have to disprove as an element that there was any. Well, first of all, getting back to that point, I was sitting here and if the government is aware, I was giving the government some credit here. I wasn't going to even make them aware of the defense at first. But if the government, if just cause or excuse is an element, as we suggest under the language, then you can simply put the government would simply have the burden of proving the very same elements that the defendant has to prove in the instance when it is an affirmative defense. Okay, but look at that. Let's say in the yard, when he starts attacking him, Taylor starts yelling, he threatened me, he threatened me. And then the government, in order to figure out whether that's going to be a justification or not, has to find out about what that entailed. So, what is it, take the defendant's deposition? No, you can't do that. Call the defendant? Can't do that. No, you simply call the victim. In this case, Mr. Bistrian. Oh yeah, and he's going to have one side of the story, isn't he? Right, but the government always has one side of his, I mean, the government's proof always has one side of the story and the defense has the other. It's one hand tied behind its back in terms of proving an element. Literally and figuratively. Actually, in this case, it would have been two hands tied behind its back. It was handcuffed, what can I say? And it couldn't get out of its handcuffs. In any event, it certainly does present some proof issues for the government, but interestingly, the government charged another, I mean, the government in this case had the opportunity and in fact charged Assault to commit serious bodily injury under A6, which would not have required them to disprove just cause and excuse. They chose not to proceed on that charge. There were actually two charges in the indictment. I mean, in theory... I don't know where that gets you. Well, my only point is if the government feels that it is a proof burden or an overwhelming proof burden, it has other charging options. In this case, it actually had... Well, obviously, it pled it, but it didn't believe it had the burden. No, my point is it has other sections of the statute under which it could have charged, like A6, which it did in this case. Right. Okay. My only other point, and I would want to direct the court's attention to a case that I only found this morning that is as marginally helpful as all the others. But it is... It's United States v. Evans. It's a 1971 Ninth Circuit case. And I'll give you the spot site, 442 F. 2nd 1031, in which the court was asked to rule on the sufficiency of evidence in the case. And in that case, it clearly treated the element, just cause without excuse, as an element to be proven by the government, because part of its holding was that the evidence was sufficient to show the absence of just cause and excuse. So clearly, at least in that case, the court interpreted the statute as requiring some burden on the government if it engaged in a sufficiency of evidence argument. Unless the court has any further questions, I'm not going to address any of the other issues, especially the... Ninth Circuit, 442 F. 2nd, 1031, 1971. That's almost ancient, too. Well, here's a Ninth Circuit case. Wait a second. It says it is incumbent on one side... It was not necessary to recite the assault was without just cause or excuse. If there was such cause or excuse, the defendant could show it. The government did not have the burden of pleading or proving its absence. I suspect that's Hockenberry? Hockenberry. Yes, which is decided before evidence. Hockenberry. Of course, when they decide that there was sufficient evidence, they probably don't need to really worry too much about the burden. Well, we'll look at the case, though. Thank you. Thank you very much. The case is well argued. We'll take it under advisement. I ask the Clerk to recess the Court.